UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN BERFECT | * | CRIMINAL NO. 07-1129 |
| VERSUS | * | JUDGE TRIMBLE |
| J.P. YOUNG, WARDEN | * | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court and the provisions of 28 U.S.C. § 636, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for a writ of *habeas corpus* filed by *pro se* petitioner, John Berfect, pursuant to 28 U.S.C. § 2241 on July 6, 2007. Berfect is currently incarcerated at the Federal Correction Center in Oakdale, Louisiana.

Records from the United States District Court from the Eastern District of Louisiana reveal that petitioner was indicted for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine hydrochloride in the United States District Court for the Eastern District of Louisiana. However, after waiving indictment, petitioner was charged by superceding bill of information with conspiracy to possess with intent to distribute 500 grams or more of cocaine hydrochloride, to which he entered into a plea agreement and pled guilty on August 12, 2005. Pursuant to the plea agreement, the government dismissed the greater charge contained in the indictment. On May 3, 2006,

petitioner was sentenced to serve 120 months in prison followed by an eight year term of supervised release upon completion of the prison term. Petitioner's judgment of conviction was entered on the court's docket on May 5, 2006. *See United States of America v. John Berfect*, 2:04-cr-00313 (E.D.La.) (Court Exhibit A).

In a rambling memorandum Berfect argues four claims for relief: (1) that he was denied the his Sixth Amendment right to have a jury of peers determine the elements of the offense to which he pled guilty, presumably because he was not indicted for that offense; (2) that the Eastern District Court lacked subject-matter jurisdiction presumably because the Eastern District was a court of improper venue as it is not a territory of the United States, but rather is located within the United States; (3) that the prohibition against double jeopardy was allegedly violated by the court's sentencing petitioner to supervised release in addition to a term of imprisonment; and (4) that both Title 18 and Title 28 of the United States Code are unconstitutional because they were allegedly passed by bills in the House and Senate during different sessions of the 80th Congress in violation of the bicameral passage requirement of the Constitution.

Petitioner did not directly appeal his conviction or sentence to the United States Fifth Circuit Court of Appeal, and has not filed any § 2255 motions in the United States District Court for the Eastern District of Louisiana. [*See* rec. doc. 1 paragraphs 3(i), (k), (l), and (m)].

## LAW AND ANALYSIS

Initially, it is noted that petitioner is challenging a conviction and sentence that was not imposed by this court. Petitioner expressly files this action as a *habeas corpus* petition under 28 U.S.C. § 2241. However, Petitioner admits that he has never filed a motion under 28 U.S.C. § 2255 in the appropriate District Court. Accordingly the undersigned is concerned that Petitioner has expressly filed this petition under § 2241 to circumvent the consequences of 28 U.S.C. § 2255 which precludes petitioner from filing a motion to vacate over one year from the latest of (1) the date on which the judgment became final, (2) the date any impediment to making such a motion created by governmental action was removed, (3) the date the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or (4) the date on which the facts supporting the claim presented could have been discovered through the exercise of due diligence. Indeed, petitioner admits that any attempt to seek relief under § 2255 would be time-barred. [*See* rec. doc. 1, paragraph 3(l)].

Section 2255 "provides the primary means of collateral attack on a federal sentence." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) *quoting Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990). Section 2241 relief is available only "where the petitioner establishes that the remedy provided for under § 2255 is 'inadequate or ineffective to test the legality of his detention.' " *Henderson v. Haro*, 282 F.3d 862, 863 (5th Cir. 2002) *quoting Cox*, 911 F.2d at 1113 citing *McGhee v. Hanberry*,

604 F.2d 9, 10 (5th Cir.1979); *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000).[1]  The burden of demonstrating the ineffectiveness of a § 2255 petition rests squarely on the shoulders of the petitioner. *Henderson*, 282 F.3d at 863 *citing Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001) (per curiam).

Two factors must be satisfied before a petitioner may file a § 2241 petition in connection with the § 2255 savings clause.  First, the claim must be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." *Id. citing Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir.2001).  Second, it must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.*  Berfect's petition does not satisfy this test.

Moreover, the inability to meet the AEDPA requirements for bringing a § 2255 motion does not render the remedy provided under § 2255 inadequate or ineffective. *Henderson,* 282 F.3d at 863 *citing Jefers,* 253 F.3d at 829; *Pack*, 218 F.3d at 452; *Tolliver,* 211 F.3d at 878; *Randle v. Dobre*, 45 Fed.Appx. 321 (5th Cir. 2002); *Carlisle v. Gonzalez*, 2007 WL 2572302 (W.D.La. 2007); *Graham v. Gonzalez*, 2007 WL 4144925

---

[1] The savings clause provides that:

An application for a writ of *habeas corpus* in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.  28 U.S.C. § 2255.

(W.D.La. 2007). Section 2241 is not a mere substitute for § 2255. *Reyes-Requena*, 243 F.3d at 901.

Finally, because it appears that petitioner has never filed a motion under § 2255 in the appropriate District Court, the undersigned is reluctant to rule on the merits of a conviction and sentence not imposed by this court which has never been challenged in the court which entered the judgment. Additionally, whether or not a § 2255 Motion would be timely is not before this court. However, the law regarding application of the one-year limitation is evolving and it is not clear that under the jurisprudence petitioner's claim would be barred. Accordingly, the undersigned will not speculate as to the result which the court in the Eastern District would reach should petitioner file a § 2255 motion in that court.[2]

For the above reasons, the undersigned cannot find that petitioner has demonstrated the remedy afforded under §2255 is inadequate or ineffective to test the legality of his incarceration or that this court may properly entertain the present application under § 2241. Accordingly;

**IT IS RECOMMENDED** that this petition for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DENIED AND DISMISSED**.

---

[2] This court has not "re-characterized" the instant § 2241 petition as one filed under § 2255; accordingly, the warnings required prior to such a construction are not applicable in this case. *See Castro v. United States*, 540 U.S. 375, 124 S.Ct. 786 (2003).

5

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. a party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana this 30th day of November, 2007.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE